## CIRINO

*v.*

## AMERICAN RAILROAD COMPANY.

---

San Juan, Law, No. 1373.

As to Directing Verdict.

Practice—Scintilla Juris.

Where the court is so satisfied the evidence on a point is valueless

Cirino v. American R. Co.

that it would set aside a verdict, it may direct an adverse verdict on the trial.

¡Opinion filed July 31, 1920.

*Messrs. Francis* and *De la Haba* for plaintiff.

*Mr. E. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this case one single witness testified that the defendant's engine collided with oil cans, and, observing his manner and all the circumstances of the case, the court came to the conclusion that the evidence to that fact was only a scintilla juris. Accordingly, under the accepted rule in such cases, it did not see any necessity for permitting a possible verdict which it would be the duty of the court to set aside, and directed a verdict for the defendant. The argument is made that the court should not weigh the evidence but leave it to the jury.

The only question in the mind of the court is as to whether the doctrine of scintilla juris applies where a witness testifies positively to a material fact, but the court is satisfied from his own manner and all the rest of the facts of the case that he is either mistaken or telling an untruth. The cases cited do not seem to cover this particular point, but the court sees no reason why one incredible witness should not be merely a scintilla juris when the fact shown in any other way might constitute a scintilla juris. The expression implies evidence even

Cirino v. American R. Co.

if very slight, and this must in most cases be furnished by human testimony. There seems no reason why the doctrine does not apply in this case. In other words, to the mind of the court there was no material evidence of negligence of the defendant. In such case the court does not see that even the fact that it comes under the Federal Employers Liability Act takes away from the court the duty to direct a verdict.

It follows that the motion for a new trial must be denied. It is so ordered.